UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00177-MOC

| | | |
|---|---|---|
| **MARLEEN W. ALLEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff applied for Disability Insurance Benefits on November 17, 2010, with an alleged onset date of August 5, 2009. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision was affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth unless otherwise distinguished below.  Such findings are referenced in the substantive discussion which follows.

## III.     Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence.  Hays v. Sullivan, supra.

## IV.     Substantial Evidence

### A.     Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

## B.    Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled.  The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b.    An individual who does not have a "severe impairment" will not be found to be disabled;

c.    If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.    If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.    If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R.  § 404.1520(b)-(f).  In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

## C.    The Administrative Decision

The ALJ determined at Step One that plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she was insured for benefits through December 31, 2014. Administrative Record (hereinafter "AR") at 12.

At Step Two, he determined that she had the severe impairments of fibromyalgia, bipolar disorder, and left knee derangement.  Id.

The ALJ found at Step Three that plaintiff's impairments did not meet or equal a disability listing.  Id. at  18.

At Step Four, the ALJ determined that plaintiff had the residual functional capacity (hereinafter "RFC") to perform light work with no climbing or crawling, no exposure to pulmonary irritants and no work around hazardous machinery or heights. Additionally, she was limited to no more than occasional stair usage, balancing, stooping, kneeling and crouching. Finally he found that plaintiff was able to understand, remember, and carry out simple instructions and adapt to infrequent changes in the work setting in work that requires no more than occasional interaction with the public. Id. at 19.  The ALJ then determined that she was incapable of performing her past relevant work given this RFC.

At Step Five, the ALJ employed a vocational expert who testified that given such RFC and based on the ALJ's hypothetical, plaintiff was capable of performing the job of surveillance system monitor ("SSM") and was therefore not disabled.  Id. at 22-23.

### D.    Discussion

#### 1.    Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:  (I) the Administrative Law Judge ("ALJ") improperly evaluated the medical opinion evidence regarding Plaintiff's psychiatric impairments; (II) the ALJ's Listing 12.04 analysis is insufficient; and (III) pursuant to the ALJ's own residual functional capacity ("RFC") finding, there are not a significant number of jobs in the economy which Plaintiff can perform.

#### 2.    First Assignment of Error

In the first assignment of error, plaintiff contends that the Administrative Law Judge ("ALJ") improperly evaluated the medical opinion evidence regarding plaintiff's psychiatric impairments.

First, plaintiff contends that the ALJ failed to mention the opinion of Dr. Williams. Pl. BR. at 5. Review of the Administrative Record reveals that on July 17, 2010, Dr. Williams noted in an examination report that plaintiff would be enormously challenged in pursuing a new job given her tendency toward depression and paranoia and that based on such determination she supported plaintiff's application for disability benefits. AR at 388. Plaintiff is correct that the ALJ failed to weigh this opinion.

Generally, failure by the Commissioner to consider an entire line of evidence falls well below the minimal level of articulation required by the Social Security Act. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir.1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill.1991).

Here, the Commissioner argues that remand for consideration of such opinion is not required because it is duplicative of another opinion in the record - - that of Dr. Lewis – which the ALJ discussed and found to be inconsistent with the overall objective findings in the record. AR at 21. In support of such argument, the Commissioner has cited the court to Zabala v. Astrue, 595 F.3d 402, 409-410 (2d Cir. 2010). The court has closely considered that decision as well as plaintiff's Response (#15). While Zabala generally stands for the proposition stated by the Commissioner, the Zabala court determined that remand was not needed because the ALJ considered other evidence by the *same doctor* which was largely identical to the evidence of that doctor which was overlooked. Id. at 409. That is not the situation in this case. Unlike Zabala, the ALJ here completely missed the favorable opinion of one of plaintiff's treating physicians that appears to be based on series of in-office visits and objective observations. While it is

certainly possible that the ALJ would have dismissed Dr. Williams' opinion for the same reason he dismissed Dr. Lewis' opinion, it is within the realm of reason that had the ALJ known that Dr. Lewis' opinion was consistent with that of Dr. Williams, he may well have given Dr. Lewis' opinion some weight *in addition* to whatever weight he would have assigned to the opinion of Dr. Williams. The court has also conducted a side-by-side comparison of the opinions of Drs. Williams (AR at 388) and Lewis (AR at 460) and cannot find them to be equivalent. First, Dr. Williams provides an explanation of why she reached a conclusion of total disability, which is backed by her observations from such session, a discussion of medications, and consideration of the mental health of plaintiff's sibling; in contrast Dr. Lewis' opinion, while labeled as a "Report of Medical Examination," is wholly conclusory, with Dr. Lewis simply checking off blocks indicating permanent disability and no work capacity. See AR at 460.

While the court agrees that Dr. Williams opinion touches on an area of expertise reserved for the Commissioner and that such opinion also reflects that plaintiff was then receiving unemployment benefits (which is typically antithetical to a claim of disability), the ALJ was obligated to consider such opinion as Dr. Williams was a treating physician who rendered a very supportive opinion. See Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). However, even the opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). In light of the ALJ's failure to consider or explain such favorable such evidence, a remand of this matter is appropriate. See generally Radford v. Colvin, 734 F.3d 288, 295–296 (4th Cir.2013).

***

While the court will not reach the other assignments of error, the court is somewhat concerned

with the arguments presented in support of and in response to plaintiff's third assignment of error

involving positions as a "surveillance system monitor" (number  379.367-010 in the Dictionary

of Occupational Titles).[1]  Counsel for plaintiff argued in her brief that members of the Social

Security bar believed that the Commissioner's reliance on such position at Step Five is "largely

considered to be a joke" by the Social Security Bar  Pl. Brief at 9.  Counsel is advised that such

hearsay arguments are neither probative nor admissible, and more importantly do not advance

the ball with this court. The court concurs in the Commissioner's argument that within the courts

of the Fourth Circuit, as few as 110 jobs in the state or region constitutes a "significant number

of positions."  Hicks v. Califano, 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979).  What concerns this

court is what appears to be an inconsistency by various VEs in their testimony concerning the

number of those jobs in the national economy.   For example, in Beltran v. Astrue, 700 F.3d 386

(9th Cir. 2012), the Commissioner argues that in that case the VE found 1,680 surveillance

system monitor "jobs nationally."  Def. Brief (#14) at 13. 2 In this case, the VE testified that

---

1       The description in the DOC provides for such position, performed in government service, as follows:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.
> GOE: 04.02.03 STRENGTH: S GED: R3 M1 L3 SVP: 2 DLU: 86

2       Such inconsistently may well be attributable to a scrivener's error by the Commissioner herein as review of the Beltran decision reveals that the VE therein averred that there were "1,680 jobs scattered across *several regions*." Id. at 390 (emphasis added).

7

there were 27,300 of the same positions nationwide. Further, this court's colleague, Judge Urbanski, noted in <u>Ramey v. Barnhart</u>, 7:06cv080 (W.D.Va. Dec. 14 2006), that the "VE testified that there were 114,660 jobs as a security system monitor in the Mid-Atlantic region," <u>id.</u> at fn. 2, specifically referencing DOT number 379.367-010. <u>Id.</u> In any event, such inconsistency, while of no moment at this point, should be addressed *if* this matter comes back before this court for further judicial review. Specifically, the court would want to know the basis or source for the numbers of positions as testified to by the VE in light of what appears to be wide-ranging testimony among VEs.

### E.    Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. <u>See</u> <u>Richardson v. Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated and remanded for a new hearing and decision not inconsistent with this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1)    the plaintiff's Motion for Summary Judgment (#11) is **GRANTED** based on the ALJ's failure to consider the opinion of Dr. Williams, and the remainder of plaintiff's Motion for Summary Judgment (#11) and the Commissioner's Motion for Summary Judgment (#13) are **DENIED** without prejudice;

(2)      the decision of the Commissioner, denying the relief sought by plaintiff, is

**VACATED** and this action is **REMANDED** to the Commissioner to conduct a

new hearing and consider, along with all other evidence of record, the opinions

and records of plaintiff's treating provider Dr. Williams and, if the ALJ chooses

not to rely on or credit such treating physician's opinion, the ALJ shall provide

specific, legitimate reasons for doing so, all pursuant to Sentence Four of 42

U.S.C. § 405(g); and

(3)      this action is **DISMISSED**.


The Clerk of Court shall enter a Judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure consistent with this Memorandum of Decision and Order.


Signed: 2/6/2014

Max O. Cogburn Jr.
United States District Judge